IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRITTANY MCGAHEE, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | Jury Trial Demanded |
| | : | |
| DIVINE BEHAVIORAL SERVICES, INC. d/b/a ONE COMMUNITY BEHAVIOR HEALTH SERVICES and ADIB SHAKIR, | : | |
| Defendants. | | |

## COMPLAINT

Plaintiff Brittany McGahee ("McGahee"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Divine Behavioral Services, Inc. d/b/a One Community Behavior Health Services ("Divine Behavioral") and Adib Shakir and ("Shakir") and shows the Court as follows:

Page 1

1. **INTRODUCTION**

1.

This is an FLSA case. Plaintiff brings this action because Defendants failed to pay her at one-and-one-half times her regular rate for all work performed over forty hours in each workweek during her employment with Defendants.

2. **JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Divine Behavioral is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

3. **THE PARTIES**

4.

McGahee resides in DeKalb County, Georgia.

5.

Divine Behavioral employed McGahee as a Mental Health Paraprofessional in and around Atlanta, Georgia from November 16, 2015 until February 10, 2016.

6.

At all times material hereto, McGahee was an "employee" of Divine Behavioral as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

Divine Behavioral is a corporation organized under the laws of the State of Virginia.

8.

At all times material hereto, Divine Behavioral was authorized to conduct business in the State of Georgia.

9.

At all times material hereto, Divine Behavioral was an "employer" of McGahee as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

Divine Behavioral is subject to the personal jurisdiction of this Court.

11.

Divine Behavioral may be served with process through its registered agent Jamaul Goddard located at 3781 Presidential Parkway, Suite 110, Atlanta, Georgia 30340.

12.

Shakir resides within Fulton County, Georgia.

13.

At all times material hereto, McGahee was an "employee" of Shakir as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

14.

At all times material hereto, Shakir was an "employer" of McGahee as defined in FLSA § 3(d), 29 U.S.C. §203(d).

15.

Shakir is subject to the personal jurisdiction of this Court.

16.

Shakir may be served with process at his residence located at 391 17th Street, N.W., Unit 3026, Atlanta, Georgia 30363.

a. **Individual Coverage:**

17.

From on or about November 16, 2015 until February 10, 2016, McGahee was "engaged in commerce" as an employee of Divine Behavioral as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

b. **Enterprise Coverage:**

18.

From on or about November 16, 2015 until February 10, 2016, Divine Behavioral was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

19.

During 2015, Divine Behavioral had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2016, Divine Behavioral had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2015, Divine Behavioral had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2016, Divine Behavioral had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2015, Divine Behavioral had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2016, Divine Behavioral had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

At all times material hereto, Divine Behavioral was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

c.  **Statutory Employer**

26.

At all times material hereto, Shakir exercised operational control over the work activities of McGahee.

27.

At all times material hereto, Shakir was involved in the day to day operation of the Divine Behavioral in which McGahee worked.

28.

At all times material hereto, Divine Behavioral vested Shakir with supervisory authority over McGahee.

29.

At all times material hereto, Shakir exercised supervisory authority over McGahee.

30.

At all times material hereto, Shakir scheduled McGahee's working hours or supervised the scheduling of Plaintiff's working hours.

31.

At all times material hereto, Shakir exercised authority and supervision over McGahee's compensation.

32.

At all times material hereto, Shakir was the CEO, CFO and Secretary of Divine Behavioral.

33.

At all times material hereto, McGahee was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

34.

At all times material hereto, Divine Behavioral did not employ McGahee in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

35.

At all times material hereto, Divine Behavioral did not employ McGahee in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, Divine Behavioral did not employ McGahee in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, Divine Behavioral did not employ McGahee in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

38.

At all times material hereto, Divine Behavioral compensated McGahee on an hourly basis.

39.

At all times material hereto, Divine Behavioral compensated McGahee at a rate of $12.50 per hour for training and staff meetings.

40.

At all times material hereto, Divine Behavioral compensated McGahee at a rate of $18.50 per hour for working hours outside of training and staff meetings.

41.

During the relevant time period, McGahee did not exercise discretion in making significant business decisions.

42.

During the relevant time period, McGahee's primary duties consisted of assessing clients' homes for compliance, transporting clients' to and from doctor's appointments and counseling.

43.

During the relevant time period, McGahee followed a protocol set by Defendants when interacting with Defendants' clients.

44.

McGahee's discretion is making decisions was limited and circumscribed by the policies and procedures set out by Defendants.

45.

During the relevant time period, McGahee was provided with each client's history as prepared by a nurse and supervisor during each client's initial evaluation.

46.

During the relevant time period, McGahee was provided with a set goal for each client based on their history.

47.

During the relevant time period, McGahee regularly worked five days during each work week.

48.

During the relevant time period, McGahee regularly worked from 8:00 a.m. through 4:30 p.m. visiting clients.

49.

During the relevant time period, McGahee regularly visited 3-4 clients each day.

50.

During the relevant time period, in addition to the duties performed during hours worked described in paragraphs 47 and 48 above, McGahee also was required to prepare a report for each client she visited during each work day.

51.

During the relevant time period, McGahee prepared client reports for each client whom she visited during each work day after regular working hours.

52.

During the relevant time period, McGahee spent approximately one hour on each client report that she prepared each evening.

53.

During the relevant time period, McGahee regularly prepared 3-4 client reports each evening after her regular working hours described above in paragraphs 47 and 48.

54.

At all times relevant, Defendants were aware that McGahee prepared client reports each evening after regular working hours described above in paragraphs 47 and 48.

55.

Defendants failed to compensate McGahee at all for the time that she spent preparing client reports.

### COUNT I — FAILURE TO PAY OVERTIME AS TO ALL DEFENDANTS

56.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

57.

At all times material hereto, McGahee has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

58.

During her employment with Defendants, McGahee was required regularly to work in excess of forty (40) hours during each week.

59.

Defendants failed to pay McGahee at one and one half times her regular rate for all the hours she worked in excess of forty (40) hours in each workweek from November 16, 2015 through February 10, 2016.

60.

Defendants willfully failed to pay McGahee at one and one half times her regular rate for all hours that she worked in excess of forty (40) hours in each workweek from November 16, 2015 through February 10, 2016.

61.

McGahee is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62.

As a result of the underpayment of overtime compensation as alleged above, McGahee is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.

As a result of the underpayment of overtime compensation as alleged above, McGahee is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                          ***DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC***

3100 CENTENNIAL TOWER  
101 MARIETTA STREET                 /S/ *MICHAEL A. CALDWELL*  
ATLANTA, GEORGIA 30303       MICHAEL A. CALDWELL  
(404) 979-3171                       GA. BAR NO. 102775  
(404) 979-3170 (f)  
michaelcaldwell@dcbflegal.com    /S/*CHARLES R. BRIDGERS*  
charlesbridgers@dcbflegal.com     CHARLES R. BRIDGERS  
                                           GA. BAR NO. 080791

                                           COUNSEL FOR PLAINTIFF