IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRITTANY MCGAHEE ) | Civil Action No. |
| ) | 1:16-CV-1118 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DIVINE BEHAVIORAL SERVICES, INC. ) | |
| d/b/a ONE COMMUNITY BEHAVIOR ) | |
| HEALTH SERVICES and ADIB SHAKIR ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

COME NOW Defendants, Divine Behavioral Services, Inc. ("Divine") and Adib Shakir, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and reply to Plaintiff's Response to Defendants' Motion for Sanctions, showing the Court as follows:

**I.  Procedural History**

Plaintiff commenced this action by filing her Complaint on April 6, 2016. [Doc. 1].  Defendants timely filed their Answer on May 2, 2016.  [Doc. 6].  On June 15, 2016 Defendants served upon Plaintiff their Motion for Sanctions.  [Doc. 12, p. 13].  On July 12, 2016, Defendants filed their Motion for Sanctions

alongside their Motion to Dismiss. [Docs. 12 (Motion for Sanctions), 13 (Motion to Dismiss)]. On July 29, 2016, Plaintiff filed her Responses. [Docs. 15 (Response to Motion to Dismiss), 16 (Response to Motion for Sanctions)]. Included with both of Plaintiff's responses were declarations from Plaintiff, [Docs. 15-1, 16-1], and Christopher Angelin, [Docs. 15-2, 16-2].

## II.  Argument and Citation to Authority

Nothing in Plaintiff's Response contradicts Defendants' Motion for Sanctions. Plaintiff has presented some evidence to create a factual dispute over Plaintiff's claim – which will be properly addressed regarding Defendants' Motion to Dismiss – but Plaintiff failed to address Rule 11. Plaintiff further violated Rule 11 in her Response to Defendants' Motion to Dismiss.

### A.  Plaintiff's Complaint is Objectively Frivolous.

Whether a pleading is frivolous is judged as of the time it was filed with the Court. *See Threaf Props., Ltd. v. Title Ins. Co. of Minn.*, 875 F.2d 831, 835 (11th Cir. 1989). A simple examination of Plaintiff's Complaint and the time records entered and verified by Plaintiff shows that numerous assertions were frivolous. Plaintiff does not dispute that the records accurately reflect customer visits; rather, Plaintiff asserts that the records do not reflect drive time or time spent preparing

reports.[1]  *See* [Doc. 15, pp. 4-5].  Even assuming, *arguendo*, that the time records do not reflect drive time or time spent filling in reports, Plaintiff's Complaint still contained many frivolous assertions.  Had Plaintiff's counsel investigated the claim before filing, he would have also seen that the time records must incorporate reports, drive time, or both.

Plaintiff's Complaint states many facts which are simply false.  Plaintiff stated, "During the relevant time period, McGahee regularly worked from 8:00 a.m. through 4:30 p.m. visiting clients." [Doc. 1, p. 10, ¶ 48].  Plaintiff did not regularly start work at 8:00 a.m., nor was 4:30 p.m. her regular end time.  *See* [Doc. 12-2].  Of the 58 days Plaintiff worked, 13 of them had a start time of 8:00 a.m., and only one had an end time of 4:30 p.m.  *Id.*  Plaintiff's own Response to Defendants' Motion to Dismiss states that Plaintiff actually ended client visits at 7:00 p.m., which conforms to 16 of 58 days Plaintiff worked, and contradicts the Complaint.  *See* [Doc. 15, p. 4], [Doc. 1, p. 10, ¶ 48], [Doc. 12-2].  Plaintiff must have known that his claim was false, and Plaintiff's counsel would have known had he performed any investigation before filing suit.  Plaintiff cannot use this incorrect general assertion to calculate hours.

---

[1]     Plaintiff's Complaint does not mention drive time.  Defendants object to Plaintiff first raising the issue of drive time during her Responses.  *See Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).

Plaintiff's Complaint also asserts that Plaintiff "regularly visited 3-4 clients each day." [Doc. 1, p. 10, ¶ 49]. Of the 58 days Plaintiff worked, almost half involved only two client visits. *See* [Doc. 12-2]. Of the 58 days, only 15 involved three client visits, and only three involved four visits. *Id.* Given that 40 of 58 days involved less than three visits, Plaintiff could not have reasonably believed this assertion. Plaintiff's counsel would have known that this claim was frivolous had he investigated Plaintiff's claims prior to filing suit. Because Plaintiff's claim of regularly visiting 3-4 clients per day was frivolous, so was Plaintiff's assertion that she prepared 3-4 reports each night. [Doc. 1, p. 11, ¶ 53].

Plaintiff also asserts that her time records reflect neither drive time nor time spent preparing reports. *See* [Doc. 15, pp. 4-5]. If this were true, and Plaintiff's drive time between visits was "typically . . . between 20 and 30 minutes," then it should not be the case that only 40 of the 121 client visits had any recorded time gap before it. [Doc. 15, p. 3]. Nevertheless, only 40 of the 121 client visits had any recorded time gap, and the overwhelming majority were at lunch time, significantly shorter than 20-30 minutes, or significantly longer than 20-30 minutes, suggesting that Plaintiff performed personal tasks during the time gap. *See* [Doc. 12-2].

Because 27 of the 121 client visits had a logged start time at the exact end time of the prior visit, Plaintiff either logged her drive time or added her time spent

preparing reports as she was instructed to do.  *See* [Doc. 12-2].  Unless Plaintiff can teleport, her claims flatly contradict her own time entries.  Plaintiff must have known that her claims were false, and Plaintiff's counsel would have known had he investigated the matter.

Additionally, Plaintiff named Adib Shakir as a Defendant in this matter. [Doc. 1].  However, Plaintiff's Declarations, Plaintiff's Responses, and the Declarations of Mr. Angelin contain no evidence or indication that Mr. Shakir had anything to do with the allegations of Plaintiff's Complaint other than an ownership stake in Divine.  *See, e.g.*, [Doc. 16-1, pp. 2-4, ¶¶ 6, 18-20] (mentioning Jamaul Goddard and Christopher Angelin).  Plaintiff has presented evidence in this matter, and all of it points to Mr. Shakir not being involved in Plaintiff's supervision. Plaintiff had no reasonable basis for naming Mr. Shakir as a Defendant, and has not addressed this in her Responses.

**B. Plaintiff's Counsel Failed to Perform any Investigation Prior to Filing in Court.**

Federal Rule of Civil Procedure 11(b) states,

> "By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*:  (it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a

> nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

(emphasis added). "A party who signs a pleading or other paper without first conducting a reasonable inquiry shall be sanctioned." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 541 (1991). An attorney must investigate a matter before filing and may not simply rely on the word of his or her client." *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996) (finding that an attorney violated Rule 11 when he did not independently investigate the claims of a long-time client and friend of 15 years). Whether an inquiry is reasonable depends on factors such as

> "how much time for investigation was available to the signer and whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion or other paper was based on a plausible view of the law; or whether he depended on forwarding counsel or another member of the bar."

*Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987).

In this case, Plaintiff's counsel does not dispute that he performed no pre-trial investigation; he merely attempts to assert that Plaintiff's claims have some evidentiary support. [Doc.16]. Plaintiff offers in support two declarations. [Docs. 16-1, 16-2]. The problem is that a motion for sanctions under Rule 11 is judged as

of the time the document was filed, *Threaf Props.*, 875 F.2d at 835, and Plaintiff's counsel was required to perform a *pre-filing* inquiry. *See Worldwide Primates*, 87 F.3d at 1255. Plaintiff's counsel did not meet his Rule 11 obligations.

Defendants served their Motion for Sanctions upon Plaintiff's counsel on June 15, 2016. [Doc. 12, p. 13]. Pursuant to Rule 11(c)(2), Plaintiff was given a safe harbor of 21 days in which to withdraw or amend her pleadings. Fed. R. Civ. P. 11(c)(2). Defendants went beyond the safe-harbor provision's requirements, and waited to file their Motion for Sanctions until July 12, 2016, 27 days after service of the motion, and the filed motion was electronically served the same day. [Doc. 12]. Local Rule 7.1(B) provides that responses to motions are due 14 days after service. Plaintiff did not file her Response until July 29, three days after the deadline to respond. [Doc. 16].

Plaintiff's own declaration was not obtained until July 28, 113 days after Plaintiff filed her Complaint, 43 days after the start of Plaintiff's safe harbor under Rule 11, and two days after Plaintiff's deadline to respond to Defendants' Motion for Sanctions. [Doc. 16-1, p. 4]. Plaintiff was not able secure the declaration of Mr. Angelin until July 29, 114 days after Plaintiff filed her Complaint, 44 days after the start of Plaintiff's safe harbor, and three days after her deadline to respond. [Doc. 16-2, p. 4]. At the time Plaintiff filed her Complaint, at the time Plaintiff's safe harbor time exhausted, and at the time Plaintiff's Response was due, Plaintiff

had no evidence whatsoever regarding her claims. Plaintiff's counsel inappropriately relied solely on Plaintiff's word.

Plaintiff's counsel made no mention of any of the factors presented in *Donaldson* to justify his failure to make a pre-trial inquiry. 819 F.2d at 1556. There is no indication that Plaintiff retained her counsel after a referral or after having a different attorney. Plaintiff's counsel was not compelled to rely on Plaintiff's word, as a demand letter – which is standard industry practice – was not sent. [Doc. 12, p. 4]. Nor was Plaintiff pressed for time. Plaintiff began working for Divine in November 2015. [Doc. 1, p. 9, ¶ 17]. The Fair Labor Standards Act has a two year statute of limitations. 29 U.S.C. § 255(a). Plaintiff had until November 2017 to bring this action. She and her counsel simply chose to file a claim in Federal District Court without investigating the matter at all. This conduct must be sanctioned. *See Business Guides*, 498 U.S. at 541.

**C. Plaintiff Continues to Assert Frivolous Claims.**

In Plaintiff's Declaration, she restates that she visited three to four clients each work day. [Doc. 16-2, p. 2, ¶ 10]. Plaintiff's Response to Defendants' Motion to Dismiss also restates this claim. [Doc. 15, p. 3]. As discussed above, this claim is flatly contradicted by Plaintiff's time records, which Plaintiff does not dispute regarding time spent with clients. Plaintiff's Declaration and her Response to

Defendants' Motion to Dismiss were both signed and filed after Plaintiff was confronted with her time records.

In Plaintiff's Declaration, Plaintiff also stated that she drove between 20 and 30 minutes between each client location. [Doc. 16-2, p. 2, ¶ 12]. This assertion was copied into Plaintiff's Response to Defendants' Motion to Dismiss. [Doc. 15, p. 3]. As discussed above, this claim is flatly contradicted by Plaintiff's time records, and these documents were signed and filed after Plaintiff was confronted with her records.

Plaintiff did make one change in response to Defendants' Motion for Sanctions. Plaintiff contradicted the Complaint's allegation that Plaintiff worked until 4:30 p.m. [Doc. 1, p. 10, ¶ 48]. In Plaintiff's Declaration, she stated that she visited clients until 7:00 p.m., and that she was forbidden from visiting clients or logging time past 7:00 p.m. [Doc. 16-1, pp. 3-4]. Mr. Angelin, in his Declaration, supported this new allegation. [Doc. 16-2, p. 4]. As discussed above, Plaintiff did not regularly work until 7:00 p.m. Plaintiff contradicted the plain evidence of her time records and her own Complaint.

### III.  Conclusion

Plaintiff and her counsel filed a Federal District Court complaint without any pre-filing investigation. Because there was no pre-trial investigation or contact with Defendants, Plaintiff asserted multiple false claims which are directly

contradicted by Plaintiff's time entries and Plaintiff's own Declaration. Plaintiff had absolutely no evidence to support her claim or suggest that it was viable. Plaintiff's counsel – by refusing to investigate the matter – missed documents which clearly contradict Plaintiff's assertions and suggest that Plaintiff is pursuing a baseless lawsuit simply because she is angry that she was terminated.

This 12th day of August, 2016.

                         Respectfully Submitted,
                         THE KIRBY G. SMITH LAW FIRM, LLC

                         By:      /s/ Micah Barry
                                   Micah Barry
                                   Georgia Bar No. 103184
                                   Kirby G. Smith
                                   Georgia Bar No. 250119
                                   *Attorneys for Defendants*

THE KIRBY G. SMITH LAW FIRM, LLC
5825 Glenridge Drive
Building 3, Suite 101-A
Atlanta, GA 30328
T: (404) 303-5112
F: (877) 352-6253
mjb@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Defendants certifies that the within and foregoing DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR SANCTIONS was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 12th day of August, 2016.

                                                  Respectfully submitted,
                                                  THE KIRBY G. SMITH LAW FIRM, LLC

                                      By:      /s/ Micah Barry
                                                        Micah Barry
                                                        Georgia Bar No. 103184

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 12th day of July, 2016, served all parties in this matter with the foregoing DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS pursuant to Fed. R. Civ. P. 5(b).

This 12th day of August, 2016.

                                          Respectfully submitted,
                                          THE KIRBY G. SMITH LAW FIRM, LLC

By:     /s/ Micah Barry
           Micah Barry
           Georgia Bar No. 103184