IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BRITTANY MCGAHEE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:16-CV-01118-ELR |
| | * | |
| DIVINE BEHAVIORAL SERVICES, INC. d/b/a ONE COMMUNITY BEHAVIOR HEALTH SERVICES and ADIB SHAKIR, | * * * * | |
| | * | |
| Defendants. | * | |
| | * | |

**ORDER**

This matter is before the Court on Plaintiff's motion for default judgment against all Defendants [Doc. 40].

## I. Background

Plaintiff Brittany McGahee filed this action against Defendants Divine Behavioral Services, Inc. d/b/a One Community Behavior Health Services and Adib Shakir. Plaintiff seeks to recover for hours worked pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Although Defendants were originally represented by counsel, Defendants' counsel moved to withdraw and the Court granted that motion. [Doc. 36]. In an Order dated March 6,

2017, the Court directed the Clerk of the Court to enter default against Defendants for failure to comply with an Order of the Court and failure of the corporate Defendant to obtain counsel. [Doc. 38]. Plaintiff then filed the instant motion for default judgment [Doc. 40].

## II.   Discussion

### A. Well-Pleaded Facts

Once an entry of default is made, default judgment is not automatically granted. Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011) (citing Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). "It is well settled that '[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact,' but '[t]he defendant is not held to admit facts that are not well-pleaded.'" Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting Nishimatsu Constr., 515 F.2d at 1206). Thus, a grant of default judgment in favor of the plaintiff is warranted only if there exists "a sufficient basis in the pleadings for the judgment entered." Frazier, 767 F. Supp. 2d at 1362 (quoting Nishimatsu Constr. Co., Ltd., 515 F.2d at 1206). "The court must therefore examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to an entry of judgment by default." White v. EPAI Protective Servs., LLC, No. 1:14-CV-2903-MHC, 2015 WL 7681274, at *1 (N.D. Ga. Apr. 16, 2015) (quotation omitted).

The Court "may conduct hearings" on the amount of damages. FED. R. CIV. P. 55(b)(2)(B). "Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case. The district court may forego a hearing where all essential evidence is already of record." Giovanno v. Fabec, 804 F.3d 1361, 1366 (11th Cir. 2015) (citation and quotation omitted). In granting default judgment, the Court may consider the pleadings, as well as other evidence, such as an affidavit or a declaration. Frazier, 767 F. Supp. 2d at 1362.

Here, by their default, Defendants have admitted the well-pleaded facts in Plaintiff's Complaint. Compl. [Doc. 1]. Plaintiff worked as a Mental Health Paraprofessional for Divine Behavioral from November 16, 2015 to February 10, 2016. Id. at ¶ 5. Plaintiff was an "employee" of Divine Behavioral and Adib Shakir under the terms of the FLSA. Id. at ¶¶ 6, 13. At various times, Shakir was the CEO, CFO, and Secretary of Divine Behavioral. Id. at ¶ 32. Divine Behavioral and Shakir were "employers" under the terms of the FLSA. Id. at ¶¶ 9, 14. Divine Behavioral was "engaged in commerce" under the FLSA during the time of Plaintiff's employment. Id. at ¶¶ 18-25. Shakir "exercised operational control over the work activities of McGahee" and had supervisory authority over her. Id. at ¶¶ 26-32. Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption, including bona fide professional, administrative, and executive capacities or as an "outside salesman." Id. at ¶¶ 33-37.

Plaintiff was compensated on an hourly basis at the rate of $12.50 per hour for training and staff meetings. Id. at ¶¶ 38-39. She was compensated at the rate of $18.50 per hour for working hours outside of training and staff meetings. Id. at ¶ 40. Plaintiff's primary duties consisted of assessing clients' homes for compliance and transporting clients to and from doctor's and counseling appointments. Id. at ¶ 42. Plaintiff worked from 8:00 a.m. to 4:30 p.m. visiting approximately 3-4 clients each day. Id. at ¶¶ 48-49. Plaintiff then had to prepare a report for each client she visited during the day. Id. at ¶ 50. She spent approximately one hour on each client report that she prepared each evening. Id. at ¶ 52. Plaintiff regularly prepared 3-4 client reports each evening after her regular working hours. Id. at ¶ 53. Plaintiff was not compensated for her time preparing client reports. Id. at ¶ 55.

Plaintiff further testified that Jamaul Goddard, the CEO of Divine Behavioral, told her that she could only bill for the time she was physically present with clients and that she could not bill for the time it took her to prepare client reports. See Decl. of Brittany McGahee at ¶¶ 6-7 [Doc. 15-1] ("McGahee Decl."). Plaintiff's supervisor, Chris Angelin, reviewed Plaintiff's client reports and communicated with her regularly outside of client visit hours. Id. at ¶¶ 18-19. It took Plaintiff 20 to 30 minutes to drive between client visits and she was not paid for this time. Id. at ¶¶ 10, 13, and 21. Plaintiff's supervisors knew that she was not paid for her driving

time and not paid for the time preparing reports in the evening even though both of these activities were required. Id. at ¶¶ 21-22.

### B. Liability

The FLSA creates a private right of action against any "employer" who violates its minimum-wage or overtime provisions. 29 U.S.C. § 216(b); Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1309 (11th Cir. 2013). An employer who violates the minimum wage or maximum hour requirements of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); Spires v. Ben Hill County, 980 F. 2d 683, 689 (11th Cir. 1993) ("[L]iquidated damages are mandatory absent a showing of good faith"). When a violation of the FLSA is shown, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); see Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) ("The language of the statute contemplates that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.") (quotation omitted).

Here, the Court finds that Plaintiff is entitled to compensation for the time she spent driving from one client to another. See, e.g., Meeks v. Pasco County Sheriff,

5

688 F. App'x 714, 717 (11th Cir. 2017) (holding deputy transporting his car from parking area to patrol zone compensable activity because it was "intrinsic element" of his "principal activities" of patrolling). For the same reason (and because Defendants do not challenge Plaintiff's assertion), the Court finds Plaintiff is entitled to compensation for the time preparing client reports.

Plaintiff seeks attorneys' fees pursuant to the FLSA. In suits under the FLSA, "[t]he court. . . shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This statutory provision "makes fee awards mandatory for prevailing plaintiffs." Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985).

### C. Damages

Based on Plaintiff's well-pleaded facts and the law as described above, the Court finds that Plaintiff is entitled to her unpaid minimum wages and overtime, as well as liquidated damages. In conjunction with her motion for default judgment, Plaintiff presented a worksheet showing her calculations of the unpaid hours she worked travelling from client-to-client and preparing client reports. See Decl. (Second) of Brittany McGahee, Exh. B [Doc. 40-1] ("McGahee (Second) Decl."). Plaintiff estimated that she was not paid for 17 hours of client report work and 6 hours of travel time each week. Id. Plaintiff recorded on her time sheets actual time

spent with clients. During almost each of the 13 weeks Plaintiff worked, those actual client hours amounted to less than 40 hours per week. As such, in her chart, Plaintiff uses the unpaid hours to first complete her 40 hours per week and then any hours exceeding 40 are attributed to overtime hours. Id.

Plaintiff calculates her (1) "regular rate" damages as $1,961.75; (2) "overtime rate" damages as $5,197.58; (3) liquidated damages of $5,197.58; and (4) attorneys' fees of $47,268.37 and expenses of $1,685. Based on Plaintiff's undisputed testimony concerning the amount of hours she worked each week, the Court finds Plaintiff's calculations as to regular rate damages and overtime damages to be in accordance with the testimony in the record.

As the Court explained above, the award of attorneys' fees is mandatory in FLSA cases. The calculation of reasonable attorneys' fees involves determining the lodestar. ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). Lodestar calculation requires "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate[,] . . . and [t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. (internal citations and quotations omitted). That burden can be satisfied where the fee applicant provides the court with "records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district

court can assess the time claimed for each activity. . . ." Id. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth., 836 F.2d 1291, 1299 (11th Cir. 1988). With regard to the reasonableness of the number of hours expended, the hours cannot include "those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." Id. at 1301. The Court has the discretion to exclude excessive or unnecessary work from the calculation. Id. Furthermore, even where "there is a lack of documentation or testimonial support," this Court can rely "on its own experience" to determine whether the amount of hours expended was reasonable. Id. at 1303.

The Court has reviewed the uncontested billing records and affidavit filed by Plaintiff's counsel. The Court notes that the parties engaged in discovery and briefing of a motion to dismiss prior to the entry of default judgment. The Court finds Plaintiff is entitled to $47,268.37 in attorneys' fees and $1,685.00 in expenses for a total of $48,953.37.[1]

The Court notes, however, that Defendant Shakir is not liable for Plaintiff's unpaid regular rate wages or the portion of attorneys' fees attributable to the recovery of those regular rate wages because as a statutory employer, he is liable

---

[1] The Court notes it has corrected some mathematical calculations on Plaintiff's request for attorneys' fees.

only for the overtime wages owed under the FLSA. Plaintiff avers that the portion of attorneys' fees attributable to regular rate wages is $2,800, and the Court finds that assessment to be reasonable.

### D. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment [Doc. 40]. The Court **DIRECTS** the Clerk to enter default judgment against Defendants and to enter Judgment for Plaintiff. **IT IS HEREBY ORDERED AND ADJUDGED**, that Plaintiff is granted a judgment against Defendants jointly and severally in the amount of $56,548.53 (which includes $5,197.58 in unpaid overtime, $5,197.58 in liquidated damages, and $46,153.37 in attorneys' fees and costs). Plaintiff is granted a judgment against Defendant Divine Behavioral Services, Inc. d/b/a One Community Behavior Health Services for an additional $4,761.75 (which includes $1,961.75 in regular rate damages and $2,800 in attorneys' fees associated with the regular rate damages). The Court **DIRECTS** the Clerk of the Court to **CLOSE** this case.

**SO ORDERED**, this 14th day of December, 2017.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

9